Strategic Funding Source, Inc. v Steenbok, Inc. (2021 NY Slip Op 04002)





Strategic Funding Source, Inc. v Steenbok, Inc.


2021 NY Slip Op 04002


Decided on June 22, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 22, 2021

Before: Renwick, J.P., Kennedy, Scarpulla, Mendez, JJ. 


Index No. 652710/2019 Appeal No. 14104 Case No. 2021-00877 

[*1]Strategic Funding Source, Inc. doing business as Kapitus and Kapitus Servicing, Inc., etc., Plaintiff-Respondent,
v
Steenbok, Inc., et al., Defendants-Appellants.


Law Office of Harriette N. Boxer, Bay Shore (Harriette N. Boxer of counsel), for appellants.
K. Nicola Harrison, New York, for respondent.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered February 17, 2021, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
The parties entered into eight merchant agreements whereby defendants received a cash advance for four restaurants in exchange for a percentage of future credit card receivables. The restaurants' credit card receivables were to be deposited into a bridge account held by a credit card processor. The processor would then remove plaintiffs' percentage, and send the remaining funds to defendants' account. At some point, the credit card processor stopped removing plaintiffs' percentage and started depositing all receivables into defendants' account. Plaintiffs then began making debits from defendants' account.
Defendants failed to demonstrate an entitlement to summary judgment since they failed to establish why the credit card processor stopped providing plaintiffs with their contractual percentages. The motion is also premature as there are numerous outstanding discovery questions (Strategic Funding Source v Steenbok, Inc., AD3d , 2021 NY Slip Op 03127 [1st Dept May 13, 2021]).
As this is defendants' motion for summary judgment, it is not plaintiffs' burden to prove their claims. While defendants argue that plaintiffs had the credit card processor remove a greater percentage than they were contractually entitled to with respect to one merchant agreement, there are factual questions, including whether the credit card processor was removing an appropriate percentage, whether defendants caused the credit card processor to stop payments in breach of the merchant agreements, and whether plaintiffs properly debited defendants' bank account. Furthermore, per the eight merchant agreements, repayment to plaintiff was contingent on future receivables existing. Accordingly, the cash advance was not a loan and is thus not a usurious transaction (see Champion Auto Sales, LLC v Pearl Beta Funding, LLC, 159 AD3d 507 [1st Dept 2018], lv denied 31 NY3d 910 [2018]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 22, 2021